### WILL BRITTON v. THE STATE.

#### No. 895.  Decided January 18, 1911.

**1.—Carrying Pistol—Special Charge—Want of Approval.**

Where, upon appeal, the alleged refused special charges did not bear the signature of the trial judge they could not be considered.

**2.—Same—Bill of Exceptions—Practice on Appeal.**

Where, upon appeal, it appeared from the record that the bill of exceptions was not approved by the trial judge, the same could not be considered.

**3.—Same—Jury and Jury Law—Summons—Agreement—Waiver.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, it appeared from the motion for new trial that the appellant complained that the jury was not regularly drawn by a jury commission, but was summoned by the sheriff, and it further appeared from the record that the defendant had in open court agreed that the sheriff might summon the jury, there was no error.

**4.—Same—Charge of Court—Condition of Pistol.**

Where, upon trial of unlawfully carrying a pistol, the court properly charged the jury that if they had a reasonable doubt as to whether the pistol was out of repair or carried to a repair shop to acquit the defendant, there was no error in refusing requested charges on this issue.

Appeal from the County Court of Panola. Tried below before the Honorable W. R. Anderson.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*H. N. Nelson,* for appellant.—On question of court's refusal of defendant's special instruction that the pistol was being carried for purposes of repair: Fitzgerald v. State, 52 Texas Crim. Rep., 265; Steele v. State, 54 Texas Crim. Rep., 388, 113 S. W. Rep., 15.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—The appellant was convicted in the County Court of Panola County, Texas, of unlawfully carrying a pistol, and his punishment assessed at a fine of $100.

1.   In the motion for a new trial complaint is made of the refusal of the court to give special charges Nos. 1, 2, 3 and 5. These charges do not bear the signature of the judge trying the cause and can not be considered by this court. Code of Criminal Procedure, art. 718; Jeffries v. State, 9 Texas Crim. App., 598.

2.   There is but one bill of exception in the record, and this is not approved by the judge. In fact, the endorsement states: "This bill of exception is not approved; there was no objection reserved to any part of the testimony." Therefore, we can not consider it.

3.   There are only two other grounds in the motion for a new trial. One is that the jury was not regularly drawn by a jury commission, but was summoned by the sheriff. In the record we find a contest of the motion for a new trial filed by the county attorney, in which it is stated that defendant and his counsel had agreed in open court that a jury might be summoned by the sheriff. The other objects to two paragraphs of the charge of the court, the reasons for the objection being: "This portion of the charge authorized the jury to find defendant guilty regardless of whether the pistol was broken and out of repair or not." The jury had been told by the court in another paragraph that if the pistol was being carried for the purpose of having same repaired, they would find him not guilty, and in the paragraph following the one complained of, the court states that if the jury have reasonable doubt as to whether the pistol was out of repair they would acquit him.

Finding no error in that part of the record that we are authorized to consider, the judgment is affirmed.

*Affirmed.*